Janet Micheal versus American Family Mutual Insurance Company. All right. All right. Let me get everyone on the screen here. Okay. Mr. Van Oort, you may proceed. Good morning, your honors, and may it please the court. This is a contract interpretation case involving underinsured motorist coverage. Missouri law controls, and the issue is a familiar one. It's an offset question. The question is whether money that is received from the other motorist involved is offset against the policy limits, or whether the full policy limits sit on top of that money. The parties agree that the insurance policy itself is unambiguous. It unambiguously says the money is offset. Everybody agrees with that. The only question is whether a renewal letter that was sent introduced ambiguity into the equation. The district court found that it did introduce ambiguity into the equation, and it did it because the renewal letter repeated the limits, but it didn't repeat the offset rule. That was the basis for the ambiguity. That's legally erroneous, your honors, under the Missouri Supreme Court's decision in the Craig case, because Craig involved the exact same situation. It involved a policy that was unambiguously clear on an offset rule in another underinsured motorist case, and it involved an argument that a declarations page that repeated the limits without repeating the offset rule made it ambiguous, and the holding of the Missouri Supreme Court in Craig was that when the policy itself is unambiguous, a summary document that repeats the limits without repeating the of the Craig case was exactly the same as this case. The district court there had found ambiguity and granted summary judgment for the insured. Missouri Supreme Court reversed, granted summary judgment for the insurance company on the basis of the unambiguous policy. This court should do exactly the same thing here, because the basic facts aren't disputed. The facts are that there is a $100,000 limit here. There is an offset rule. Ms. McKeel got $50,000 from the other driver. American family, after this case was filed, concluded that it owed $50,000 and paid it. Therefore, it's paid everything it owes, and it's entitled to summary judgment on this. Counsel, a factual question. Are we dealing with a summary sheet or a summary page, or are we dealing with a declaration page or sheet, and is there any difference between the two? I was a little unclear as to exactly what. I understand that the insured didn't receive an entirely new copy of the policy when renewal came around, which that would not be unusual, but what exactly did the insured receive, and can you talk a little bit about whether this makes any difference? It's a summary that has what the premium is, what's going to be billed, and it has the insurance cards that are attached that go in the vehicle and in the purse or wallet. Is that the same as a declaration, or does it make any difference? Your Honor, I'll answer both questions right into detail. The record is that Ms. McKeel received a renewal letter. She did not receive a new declarations page, and it doesn't make a difference to the outcome is the bottom line. So what she received is a renewal letter. It's at pages 11 and 12 of the joint appendix, single piece of paper front and back, and what it says at the very top, it says this is a summary, you know, and then it points to the policy number, and it says, you know, please review the coverage. If you want to make any changes, call us, but this is a summary, and then on the back, it tells her to look at the exclusions, and again, there are new features if you want them. So what she got is a summary letter. It's not a declaration page. She did get a declaration page when she first bought the policy. On that, she did not get a new declarations page when she got this renewal. She didn't need one, because the policy itself in the general conditions, it was general condition 8 said, you know, if you just pay your premium again, this policy will renew, and Ms. McKeel agrees that this was a renewal. Page 2 of her brief agrees that it was a renewal, so it's just the same terms unless something changes on that. It doesn't make a difference, your honor, whether it was a declaration page or a renewal letter, because the declarations page is more formal. The renewal letter is less formal, and so if the more formal document can't create an ambiguity, the less formal document can't create an ambiguity. Is it in fact true, if you look at this renewal letter, and as I'm looking at it, it looks like there's a statement of renewal, the proof of insurance cards are attached, and then there's a summary of coverage on the back side of it, and that there are some new policy options available, just notice, give us a call kind of a thing, right? But even if someone were to try and construe the statement of coverage as a declaration, under Missouri law, the declarations page, does it have any potential to modify the actual grants of coverage and exclusions found in the main document? Well, I think, your honor, if it's straight up contradictive, there might be an issue, and that's especially so some policies, your honor, expressly incorporate the declaration page into the policy, and so you could see a situation where if the declaration page said something directly different, there could be a contradiction, but this is a situation that's come up a bunch of times, where all the declaration page does is it says the limits again, but it doesn't repeat all the details, and that's the situation that the Missouri Supreme Court said that doesn't create an ambiguity, because everybody knows the declarations page is just a summary, so it doesn't have to re-say everything. If it had to re-say everything, it wouldn't be a summary, and then there wouldn't be any use of the declarations page, right? You're trying to be in this situation with underinsured motorist coverage and with a declarations page, and so we think that case is controlling, your honor. I'll reserve the rest of my time for rebuttal unless your honors have other questions. All right, thank you. Mr. Sautter, Mr. Sautter, I'm not seeing you. Is your video turned on? It is, and I can see myself in the corner, judge. Are the rest of judges also not seeing me? I cannot see you, counsel. Me neither. Yeah, I don't know what what that is then, judge, because I have my video on. All right, well, can you hear? I've got much to look at. We can hear you fine, so just proceed. We'll just assume you're very distinguished. Eric Colvin, I put my suit on for one of the first times, so I'm kind of bummed out about it. Okay, we'll make it up to give you credit for that. She might proceed. Thank you, your honor. I wanted to first address a couple of questions that were presented on the first part. You know, this case is very unique. The cases I cite, I cite four cases where they found a discrepancy, four Missouri cases where they found a discrepancy between the declaration page and the policy on an offset issue and said there was an ambiguity. And then we have the Craig case, the Missouri Supreme Court case that's cited by appellant's counsel where they did not find an ambiguity. But all of those cases are different than this case. Because in this case, we actually had a declaration page that would have solved all problems. We had an unambiguous declaration page, which is at the appendix, our appendix page 63. Actually, I'm sorry, it's at page 38 for the 2017 policy period for the appeal. And so what we have in this situation is when she started her policy in 2015, we had a declaration page, which is at appendix 63, which shows an offset. If you look at that declaration page for her initial policy, it says the QIM limit is reduced by payment from others. And then when her policy is renewed in 2017, they send her what they call an insurance coverage summary that doesn't include the UIM set off. So we have a customer who when she got the policy, saw the declaration page with the UIM set off, and then when she is renewed, it doesn't have the set off. I think that creates confusion. And an American family has a duty to communicate clearly with their insured. And in this case, they had the opportunity to do so by just sending her a proper declaration page. Instead, they sent her a summary, which creates confusion. And as an aside, I think that that summary qualifies as a declaration page. If you look at the Fanning v. Progressive, it lays out what is supposed to be included in the declaration page. It should have the premium, the coverages, the vehicle, the policy number, all of that is included on this summary. And so I think it qualifies as a declaration page. And for sure, it created an ambiguity. And so what we have in this case is American family had the opportunity to be very clear with their insured, and instead provided a document which created confusion. And it's interesting to note, Your Honors, if you look at their original summary judgment that was filed in this case from the appendix, they actually included in their summary judgment motion the 2017 declaration page that was never sent to Ms. Mike Keel. They must have not realized that she never received it at the time. And they actually argue in the motion that there's no ambiguity here because the declaration page for 2017 includes the offset language, and the policy includes the offset language. Not until I responded and said, yeah, but she never received this declaration page, and I responded with an affidavit to the summary judgment motion, did American family pivot and then move to this, it's not ambiguous anyway. Even though we didn't do what we needed to do to be clear with our customer, it's not ambiguous anyway. I also wanted to address a question from one of the judges about can the declaration page be part of the policy? The answer in Missouri is yes. I cite four cases starting with the Kissinger case and the Miller case and the nationwide case and the Simmons case that all found ambiguities because of a declaration page that did not include the offset language. And if we actually look at the declaration page, the one that was sent in 2015 and the one that was not sent in 2017, they contain the same language. If you look at the bottom of the declaration page, they say these declarations form part of the policy and replace all other declarations that have been issued previously. It specifically makes it part of the policy. And that's another reason why this case is different from the owners meet Craig case, which appellant, the insurance company, says controls the case. In the Craig case, the declaration page and policy specifically said this declaration page is for reference only and it's not part of the policy. We don't have that case here. Another big difference between this case and Craig, we didn't have a situation in which they had a declaration page which would have resolved all ambiguities. I admit, if they had sent this 2017 declaration page to Ms. McKeel, I wouldn't be here today. There would be no ambiguity. But they didn't. They sent her a coverage summary which created the confusion and the ambiguity. And if we look at the coverage summary, I want to point one other thing out that I think that appellant is mistaken about in their brief. They say that the coverage summary is not part of the policy. And I would disagree with that. If you look at the coverage summary, which is from appendix 100 is one place that it's at. It says this policy with American family mutual insurance company is up for renewal. It says this policy is up for renewal. It doesn't say the policy or your policy. A person reading that would think, well, this is part of the policy. And so, I think I've covered the questions. Well, Council, doesn't the summary reference the policy number? It isn't the natural reading of that, that that's the policy that's referenced in the number? That it's not the summary itself that's the policy, but the summary is referencing the underlying policy? Or am I misreading it? Oh, I think that that I don't, Judge, I don't, respectfully, I don't think that would make a difference. Just because it references a policy number wouldn't exclude it from being part of the policy. For instance, if we look at the actual document called declarations, the one sent in 2015 and the one not sent in 2017, it also references the policy number and says on the declaration that the declaration is part of the policy. So, I'm not sure that would make a difference in my mind, Your Honor. Well, Council, you know, an insurance, an automobile insurance policy contains a lot of exclusions and exceptions, and none of that, none of those exclusions or exceptions with respect to liability coverage, for example, or the comprehensive coverage or the collision coverage or the rental reimbursement, none of those are specified in the summary. Does that mean that they don't, no longer apply after the appellee received this insurance coverage summary? Well, I think that the underinsured motorist situation is unique and different from those other coverages because if you really look at the… Well, I didn't mention the underinsured motorist coverage. I was referring to the other standard coverages. Well, I think that those coverages and the exclusions would still apply, Your Honor. Well, I get that argument, but my real question is that if you look at the language in Craig, it clearly states that the declarations page is prefacatory. I mean, I think the direct quote is that the declarations are introductory only and subject to refinement and definition within the body of the policy. Your Honor, I think if you look at the Craig case, though, they partially relied on the fact that the declaration page said it wasn't part of the policy, and I don't think we have that. We have that here, and our situation is more like the do include a couple of American family cases where they make the declaration page part of the policy. If you look at the history of the courts with these UIM cases, these underinsured motorist cases, they started finding back in 2012, starting with the Miller case, that these declaration pages on UIM coverage were creating ambiguities by not including the fact that the $100,000 in underinsured motorist coverage and think that they could collect up to $100,000. And so the insurance companies reacted to these cases and started putting the setoff language in their declaration page, which is exactly what American family did in this case. And they started putting at some point after 2012 that setoff language. But the only problem with this case, which makes it very fact specific and very unique, they never sent it to Ms. McKeel. Instead, they sent a different document, which created confusion to her. All right. Unless there's other questions, I believe I've made my argument. All right. Thank you. Mr. Van Oort, you may respond. Your honors, in the Craig case, the declaration page was expressly incorporated in the policy. You can see that from pages 615 and 16 in the case where it covers the coverage terms. But this case really is controlled by Craig because the rule there is that if the policy itself is unambiguous, then just repeating the limits, whether it's a declaration page or some document doesn't introduce ambiguity. In the four cases that my opponent mentions, they're all court of appeals cases. They're not Missouri Supreme Court cases. And as we explained in our reply brief, in every single one of those cases, there was ambiguity found in the policy itself. The declarations page didn't introduce it. It was in the policy itself. And that's the difference here. This court has actually issued four cases over the last five, six years or so, applying Missouri law to this very question of can a declarations page introduce ambiguity into an unambiguous policy just by not restating the limits and the terms. Every time it's held no. And a couple of times it's actually distinguished some of these court of appeals cases and say we've got to follow the Supreme Court. The big factual argument here that the other side makes is that he says if a new declarations page had been sent, they would agree it's unambiguous. We do too. If it had been sent. But it didn't need to be sent to make it unambiguous because it was already unambiguous. And the idea that ambiguity could be introduced by not sending something is really contrary to Missouri law. In fact, we cite the case in our brief. It's Hester versus American family. It's an American family case like this that holds that you can't change a policy by not saying something. And that's the argument he's making. That by not saying something, you change the policy. That's clearly incorrect. The policy started unambiguous, as he agrees. The only thing that could have changed it was the renewal letter. That's just a summary. And for the reasons explained in Craig, it didn't do it. Your Honor, there was one quick question about what the renewal said, a reference to this policy. I read it the same as Your Honor did. This policy refers to the specific policy number. It has to say this policy rather than your policy generally, because a lot of people have multiple policies. And if you just said your policy, it would be ambiguous. This policy with the number refers specifically to the one that's being renewed. And the other text of the letter makes it clear that you have to go and look at this. This is an outline. This is a summary. Please read your exclusions carefully. And for that reason, we request the court to reverse and direct the entry of judgment for American Family. All right. Very well. Thank you, Mr. Van Oort. And thank you, counsel, for your arguments. The case is submitted and the court will render a decision in due course. Does that complete the calendar for this morning? Yes, it does, Your Honor. Very well. The court will be in recess until further call.